UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JOHN SEASE,
[name changed in 2008 to ABDULBASIR
ABURASHAN],

                            Plaintiff,

         -against-

FORMER SUPERINTENDENT W. PHILLIPS,
DEPUTY SUPERINTENDENT FOR
SECURITY GUINEY, DIRECTOR DONALD
SELSKY, HEARING OFFICER DROWN,
CORRECTION OFFICER A. MEANO,
CORRECTION OFFICER L. SERRANO,
CORRECTION OFFICER K. BARTO,
CORRECTION OFFICER J.C. BOOTH,
CORRECTION OFFICER J. TOLLITSON, and
JOHN DOES #1 THROUGH #5 and JANE DOE,

                          Defendants.

----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-29-09

06 Civ. 3663 (PKC)

ORDER ADOPTING REPORT &
RECOMMENDATION

P. KEVIN CASTEL, District Judge:

           In an action brought pursuant to 42 U.S.C. § 1983, the plaintiff alleges that

he was deprived of rights protected by the Constitution while in the custody of the New

York State Department of Correctional Services ("DOCS").  On July 25, 2008, I issued a

Memorandum and Order that granted in part and denied in part the defendants' motion

for summary judgment.  Sease v. Phillips, 2008 WL 2901966 (S.D.N.Y. July 25, 2008).  I

concluded that further factual findings were necessary to determine whether

administrative remedies were available to the plaintiff, sufficient that he had an

opportunity to exhaust his claims under the Prison Litigation Reform Act of 1995 (the "PLRA"), 42 U.S.C. § 1997e et seq. 2008 WL 2901966, at *6.[1]

I referred the exhaustion issues to Magistrate Judge Douglas F. Eaton, who issued a Report & Recommendation ("R & R") dated March 19, 2009, concluding that administrative remedies were available to plaintiff John Sease and that no special circumstances existed to justify his failure to exhaust. Sease has filed objections to the R & R, and the defendants have filed a memorandum of law urging that I adopt the R & R. I have conducted a de novo review of the record. Rule 72(b), Fed. R. Civ. P.; 28 U.S.C. § 636(b)(1). For the reasons explained below, Magistrate Judge Eaton's R & R is adopted.

On January 12, 2009, Magistrate Judge Eaton conducted a hearing as to Sease's available administrative remedies. The hearing resulted in a 72-page transcript. Magistrate Judge Eaton heard the testimony of three witnesses: the plaintiff himself, who testified remotely via audiovisual means; James J. Walsh, the superintendent of the Sullivan Correctional Facility ("Sullivan"); and Terry Houck, the grievance supervisor at Sullivan.

Non-party James Baxton also was to provide testimony via video, but shortly after the hearing began, indicated discomfort that his testimony was not confidential and that prison guards would hear his version of events. (Jan. 12 Tr. at 4-5.) Among other things, Baxton stated, "I'm telling you that I was threatened by somebody about communicating, testifying for Mr. Sease in this matter and I would like to bring that to your attention because I'm afraid to testify for Mr. Sease because I was threatened

---

[1] Consistent with authority in this District and the Seventh Circuit, I also concluded that factual disputes concerning exhaustion are properly determined by the Court rather than by a jury. See, e.g., Amadar v. Superintendents of the Dep't of Correctional Services, 2007 WL 4326747, at *5 n.7 (S.D.N.Y. Dec. 4, 2007); Pavey v. Conley, 544 F.3d 739, 741-42 (7th Cir. 2008) (Posner, J.).

and I'm going to be retaliated against if I testify for Mr. Sease in this matter. . . . I'm telling you that my life is in danger because I want to testify for him but I will not testify for him if my life is continued to be in danger. I will not testify for him." (Jan. 12 Tr. at 5, 7.) In response to Baxton's statements, Sease suggested that Baxton be excused from testifying, and stated, "So, your honor, at this time I would like to excuse [Baxton] from this hearing. His testimony is not necessary," and, "So once again, your Honor, I'd like to excuse Mr. Baxton from this hearing. Therefore, his testimony is no longer needed and we can move forward in hopes that –" (Jan. 12 Tr. at 8, 9.) Baxton was excused from testifying. (Jan. 12 Tr. at 9.)

        With Baxton excused, the testimony of the three witnesses turned to the administrative procedures available to the plaintiff. Houck testified that Sease had been a "transient inmate" in the process of being transferred from the Green Haven Correctional Facility and was only temporarily housed in Sullivan. (Tr. at 51-55.) However, Houck testified that an inmate at Sullivan could nevertheless file a grievance directed to events at another institution, and that there was no record of a grievance filed by Sease in or around December 2004. ( R & R ¶ 9; Jan. 12 Tr. at 51-55.) For his part, Sease stated at the hearing that he was "not absolutely positive" as to when he wrote his inmate grievance concerning events of December 12, 2004. (R & R ¶ 12; Jan. 12 Tr. at 12.) Walsh separately testified that his office received no grievance from Sease between December 13, 2004 and January 5, 2005 – the time period relevant to grieving the incidents of December 12. (R & R ¶ 13.) Magistrate Judge Eaton stated in the R & R that he "was favorably impressed with [Walsh's] credibility and his professional attitude." (R & R ¶ 13.) Because I accept Magistrate Judge Eaton's credibility

determination, I do not need to make a firsthand finding as to the witness's credibility.
See Carrion v. Smith, 539 F.3d 583, 588 (2d Cir. 2008) (district judge may reject
magistrate judge's credibility determinations only after rehearing disputed testimony).
Moreover, Sease does not object to Magistrate Judge Eaton's credibility determination
and has offered only conclusory objections to the R & R.

   The R & R also noted that in September 2005, Sease wrote to the DOCS
Central Office Review Committee in Albany claiming that he had filed a previous
grievance while at Sullivan. (R & R ¶ 15.) Sease received a response dated September
23, 2005 from Thomas G. Eagen, Director of the DOCS Inmate Grievance Program,
indicating that he should contact the grievance supervisor at his current facility
concerning his prior grievance. (R & R ¶¶ 16-17.) At the hearing, Sease testified that he
failed to take any follow-up actions in response to the Eagen letter. (R & R ¶¶ 16-17.)

   The R & R concluded that the evidence failed to excuse plaintiff's failure
to administratively exhaust his claims. Hemphill v. New York, 380 F.3d 680, 686 (2d
Cir. 2004), fashioned a three-part inquiry to determine whether an inmate has
administratively exhausted his claims prior to filing suit, as is required by the PLRA.
First, a court must determine whether administrative remedies were available to the
prisoner; second, the court considers whether defendants have forfeited their affirmative
defense of non-exhaustion or are estopped from raising the defense; and third, whether
special circumstances justify the prisoner's failure to comply with administrative
procedural requirements. Id. "The test for deciding whether the ordinary grievance
procedures were available must be an objective one: that is, would a similarly situated

individual of ordinary firmness have deemed them available." Id. at 688 (internal quotation marks and citation omitted).

Magistrate Judge Eaton concluded that the testimony of Houck established that administrative remedies were readily available to Sease as a transient inmate (R & R ¶ 9); that the defendants were not estopped from asserting and had not forfeited the non-exhaustion defense, in part because of the lack of record of any timely grievance (R & R ¶¶ 13-15); and that no special circumstances justified the failure to exhaust, in part because of Sease's admitted failure to act on the procedures outlined in the Eagen letter of September 23, 2005. (R & R ¶¶ 17-18.) As a result, plaintiff had no justification under Hemphill for his failure to exhaust.

I adopt the R & R in full, and conclude that Sease's objections – which focus on Baxton's failure to testify – are without merit. Baxton was excused from testifying at the January 12 hearing based at least in part on the suggestions of Sease himself, who stated that Baxton's testimony was unnecessary. In his objections to the R & R, Sease does not explain how Baxton's testimony would have been material to the exhaustion analysis, and instead indicates that Baxton might have corroborated Sease's testimony concerning "mistreatment" by the defendants. (Objections ¶ 12.) Moreover, at the hearing, Sease voluntarily suggested that Baxton be excused from testifying and dismissed his testimony as "not necessary," prompted only by Magistrate Judge Eaton's question as to whether Sease wanted to address Baxton's concerns. (Jan. 12 Tr. at 8.) Baxton's decision not to testify provides no basis to disturb the thorough and well reasoned R & R.

Based on the R & R and the findings of Magistrate Judge Eaton, the defendants' summary judgment motion is granted inasmuch as it seeks to dismiss plaintiff's claims for failure to exhaust. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Court discretion plays no part in the statutory exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 85 (2006). My decision of July 25, 2008 concluded that defendants had failed to provide evidence that administrative remedies were available to Sease, as required by Hemphill, 380 F.3d at 686, but in light of the hearing conducted by Magistrate Judge Eaton and the well reasoned R & R, the record now shows that such remedies were available, and that Sease has failed to exhaust. For these reasons, I grant summary judgment to the defendants due to the plaintiff's failure to exhaust.

Lastly, along with opposing the plaintiff's objections to the R & R, the defendants urge me to grant them summary judgment dismissing Sease's remaining due process claims in light of events subsequent to the Memorandum and Order of July 25, 2008. In that opinion, I noted that the PLRA's exhaustion requirements do not apply to certain categories of due process claims that arise from prisoner grievance hearings themselves, and granted leave to the plaintiff to file a supplemental affidavit clarifying the nature of his due process claims. Sease, 2008 WL 2901966, at **6-7. Defendants are granted leave to file a renewed motion for summary judgment directed to the due process claims against defendants Donald Selsky and John Doe Drown, accompanied by the notice required to a pro se litigant opposing a summary judgment motion.

- 7 -

The R & R is adopted in its entirety.  In addition, summary judgment is granted to the defendants dismissing all remaining claims, with the exception of plaintiff's due process claim.  Defendants are granted leave to file a motion for summary judgment seeking the dismissal of the due process claim.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        May 28, 2009