```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-18-10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ABDULBASIR ABURASHAN,

                        Plaintiff,

    -against-

W. PHILLIPS, et al.,
                        Defendants.
-----------------------------------------------------------------x

06 Civ. 3663 (PKC)

ORDER

P. KEVIN CASTEL, U.S.D.J.

        In a Memorandum and Order filed on July 25, 2008, I granted in part and denied in part defendant's motion for summary judgment. Plaintiff waived potential claims with respect to good time credits arising out of the disciplinary proceeding which allowed me to reinstate his due process claims. (Order of October 3, 2008) I also referred the issue of whether plaintiff had exhausted available administrative remedies to then Magistrate Judge Douglas Eaton who, in a Report and Recommendation filed March 19, 2009, concluded that administrative remedies had been available to the plaintiff during the relevant time period and that there were no acts or omissions of defendants which would stop them from asserting the defense. He further concluded that no special circumstances would justify the plaintiff's failure to exhaust. In an Order filed May 29, 2009, I adopted the Report and Recommendation and dismissed all remaining claims other than plaintiff's due process claim.

        Presently pending before the Court is the motion of defendants Curtis Drown (sued herein as John Doe Drown) and Donald Selsky (the "Moving Defendant") who seeks summary judgment dismissing the due process claim of John Sease a/k/a Abdulbasir Aburashan. Rule 56, Fed. R. Civ. P. In a submission to this Court dated October 14, 2009, plaintiff states that he "express[es]. . . no position with regard to defendant's Motion for

summary judgment of defendant, Curtis Drown, and Donald Selsky, reserving all material issues of Fact pertaining to the remaining defendants to be decided by a jury." Because all other claims have been dismissed, there are no other defendants or claims before the Court.

Mindful of the Circuit's decision in <u>Vermont Teddy Bear Co., Inc. v. 1-800-Beargram Co.</u>, 373 F. 3d. 241 (2nd Cir. 2004), I will address the merits of defendants' motion. Plaintiff's due process claim, generously and liberally construed, asserts that he was denied due process of law at a Tier III disciplinary proceeding, presided over by defendant Drown and reviewed on a appeal by defendant Selsky.

Plaintiff received the Inmate Misbehavior Report and, thus, was aware of the charges against him. The charges were read aloud at the outset of the hearing. The hearing spanned two days, so that any defect in pre-hearing notice was cured during the course of the hearing. Plaintiff was afforded the opportunity to have the assistance of a staff member in preparing for the hearing; he had the assistance of one of three staff members who he had designated. Plaintiff was permitted to review all photographs relating to the incident. Plaintiff was permitted to state his version of the events. He asked that Officer Meano be produced to testify and the officer was, indeed, called and testified. He was permitted to propose questions for other witnesses which were then asked by defendant Drown. A total of six witnesses testified at the two-day hearing.

At the conclusion of the hearing, defendant Drown found plaintiff guilty of five of the charges. Plaintiff was found to have assaulted three correctional officers causing significant physical injury to them. Defendant Drown characterized plaintiff's assaults as life threatening. At the conclusion, defendant Drown informed plaintiff of his right to appeal.

Plaintiff did, indeed, appeal to Donald Selsky, Director of Special Housing/ Inmate Discipline. In considering plaintiff's appeal, defendant Selsky was acting on behalf of the Commissioner of the Department of Correctional Services. On appeal, defendant Selsky modified defendant Drown's decision by dismissing the charge of "Refusing a Direct Order."

On these undisputed facts, no reasonable factfinder further could conclude that plaintiff was deprived of procedural or substantive due process in connection with the imposition of discipline. Summary judgment is granted in favor of defendants Drown and Selsky. All other claims and defendants having been previously dismissed, the Clerk is directed to enter Final Judgment.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
March 18, 2010